No. 84-358

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

---

JAMES F. McCAFFREY, as Conservator of the Estate of THORVALD K. LAURSEN, a/k/a T.K. LAURSEN,

Plaintiff and Respondent,

-vs-

ORVILLE A. LAURSEN, et al.,

Defendants and Appellants.

---

APPEAL FROM: District Court of the Nineteenth Judicial District, In and for the County of Lincoln, The Honorable Robert M. Holter, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

Sverdrup & Spencer; Lawrence H. Sverdrup, Libby, Montana

For Respondent:

Douglas & Bostock; William A. Douglas, Libby, Montana

---

Submitted on Briefs: Feb. 8, 1985

Decided: March 26, 1985

Filed: MAR [illegible]

Ethel M. Harrison
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

This suit was commenced by James F. McCaffrey as conservator of the estate of Thorvald K. Laursen to recover title to certain parcels of real property in Lincoln County, Montana, and to obtain an accounting for income from the property. Thorvald K. Laursen, hereinafter T.K., is 92 years old and his health is failing. He now resides in Washington County, Oregon, with his granddaughter. McCaffrey, an Oregon attorney, was appointed conservator by the Oregon court.

On July 21, 1981, T.K. executed a deed which purported to convey all title and interest in his Lincoln County property to his son Orville A. Laursen, defendant-appellant herein. On the same day, a separate document, defendant's Exhibit B, was executed and signed by Orville A. Laursen. The document provided:

> "The undersigned acknowledges that as of this date his father, T. K. LAURSEN, did by written Deed convey certain property to him to be held by him in Trust for the said T. K. Laursen (a copy of said Deed is attached hereto). Undersigned covenants and agrees that all income from such properties shall belong to T. K. Laursen and that he, the affiant will re-convey the property to T. K. Laursen at anytime the said T. K. Laursen requests and that if the said T. K. Laursen should die while the property is still in the name of affiant such property shall be considered as an asset of T. K. Laursen's estate and be disposed of in accordance with T. K. Laursen's Will."

This document was delivered by appellant to Shelton R. Williams, T.K.'s attorney.

Based on these documents and the testimony of defendant, the District Court ruled that defendant holds the properties in trust for his father and by the terms of the trust, defendant is obligated to reconvey the property to T.K. and to account for all income from the properties. Appellant

appeals this order and contends that there is no evidence that a trust existed.

Montana separates trusts into two classes: voluntary trusts and involuntary trusts. Section 72-20-101, MCA. An involuntary trust is one created by operation of law. Section 72-20-103, MCA. A voluntary trust is an obligation arising out of a personal confidence reposed in and voluntarily accepted by one for the benefit of another. Section 72-20-102, MCA. Intent to establish a voluntary trust may be express or implied. However, clear and convincing evidence establishing intent is required. First National Bank of Twin Bridges v. Sant (1973), 161 Mont. 376, 386, 506 P.2d 835, 841.

The creation of a voluntary trust as to the trustor is governed by § 72-20-107, MCA. Section 72-20-108, MCA, governs as to the trustee. They provide:

> "72-20-107. Voluntary trust--how created as to trustor. Subject to the provisions of 72-24-102, a voluntary trust is created, as to the trustor and beneficiary, by any words or acts of the trustor indicating with reasonable certainty:
>
> "(1) an intention on the part of the trustor to create a trust; and
>
> "(2) the subject, purpose, and beneficiary of the trust.
>
> "72-20-108. Voluntary trust--how created as to trustee. Subject to the provisions of 72-24-102, a voluntary trust is created, as to the trustee, by any words or acts of his indicating with reasonable certainty:
>
> "(1) his acceptance of the trust or his acknowledgment, made upon sufficient consideration, of its existence; and
>
> "(2) the subject, purpose, and beneficiary of the trust."

Section 72-24-102, MCA, refers to trusts concerning real property. It provides:

"No trust in relation to real property is valid unless created or declared by:

"(1) a written instrument subscribed by the trustee or his agent thereto authorized in writing;

"(2) the instrument under which the trustee claims the estate affected; or

"(3) operation of law."

The status of Orville A. Laursen, the appellant in this action, is that of trustee. He was entrusted with the property of T. K. Laursen. Exhibit B previously set forth herein and signed by appellant acknowledges that T.K. will receive all rents and profits from the properties and that appellant promises to reconvey the property on request. Together with the deed referred to therein, they satisfy the requirements of § 72-24-102, MCA. This instrument on its face conclusively proves that appellant accepted the deed from his father with the intent of holding the property for the benefit of his father. Appellant promised to convey the property to T.K. on request. He also promised to convey the property to T.K.'s estate if T.K. should die without demanding its return. These promises show appellant's intent to act as trustee for his father's property. Appellant's testimony concerning his intent was consistent with the document. He stated that the purpose of the transaction was estate planning. We hold appellant met the requirements of § 72-20-108, MCA.

T. K. Laursen did not sign Exhibit B, the aforementioned document. However, he was not required to sign the document to meet the requirements of § 72-24-102, MCA. Once those requirements are met by the actions of the trustee, the trustor, T.K., must by words or acts indicate with reasonable certainty: (1) an intention to create a trust; and (2) the

subject, purpose, and beneficiary of the trust. Section 72-20-107, MCA.

The fact that the document was given to T.K.'s now deceased attorney, Shelton Williams, for safekeeping is an act that tends to show T.K. intended a trust to be created. Appellant testified that he believed T.K. deeded the property to appellant because T.K. wanted someone to take care of the property and to take care of him; that T.K. wanted to make it more difficult for his wife to get the property in T.K.'s upcoming divorce action; and that T.K. deeded the property to appellant for estate planning purposes. Appellant's testimony taken with the circumstances of this case show with reasonable certainty that T.K.'s intention was to create a trust when he deeded his property to appellant. We hold the District Court's finding to be factually sound and legally correct.

Affirmed.

John C. Sheehy
Justice

We Concur:

John Conway Harrison
R.C. Gulbrandson
[signature]
William E. Hunt Sr.
Justices