ORDER
 

 JOHN L. PETERSON, Chief Judge.
 

 In this adversary proceeding, the Chapter 7 bankruptcy Trustee seeks turnover of certain real property held by the Debtor/Defendant, Tammy Lee James d/b/a Just Flowers (“Debtor”) on grounds that the asset is property of the bankruptcy estate under 11 U.S.C. § 541. Debtor resists the Trustee’s allegation, contending that, under a marriage dissolution decree entered by a Montana court on April 18, 1994, Debtor holds the property in trust for the sole benefit of Debt- or’s children, and therefore, under 11 U.S.C. § 541(b), the property does not belong to the bankruptcy estate. The Court finds that since Debtor lacks any power to benefit from the trust, absent its revocation or modification by a Montana court, neither the corpus nor the income of the trust may become part of the bankruptcy estate. Therefore, judgment on the merits shall be entered in favor of the Debtor dismissing the Complaint in its entirety.
 

 Debtor filed a voluntary Chapter 7 petition on March 14, 1995. The Trustee filed the Complaint initiating the instant adversarial proceeding May 23, 1995. Trial of the cause was held on July 11, 1995, with all parties present. Exhibits were introduced and the Court took the matter under advisement. This is a core proceeding under 28 U.S.C. § 157(b)(2)(E), over which this Court has jurisdiction pursuant to 28 U.S.C. § 1334 and F.R.B.P. 7001, and the matter is ready for decision.
 

 The dispositive question presented is whether a trust for the sole benefit of the children of a Chapter 7 debtor, which was created in the property disposition provisions of the debtor’s marriage dissolution decree, and in which the debtor serves as trustee, is property of the Chapter 7 bankruptcy estate.
 

 I.
 

 Debtor obtained a divorce from Dennis W. James (“Dennis”) with the Final Decree of Dissolution of Marriage for the couple being entered in the Montana Thirteenth Judicial District Court, Yellowstone County, Montana, on April 18, 1994. The decree, among other matters, resolved property interests of Debtor, the Petitioner therein, and Dennis.
 

 At the time of the dissolution, the couple owned real estate in Weston County, Wyoming, described as follows:
 

 Lots 3 and 4, Block One, (1) Rural Acres Subdivision, Weston County, Wyoming
 

 Prior to the dissolution, the James sold the property under a Contract for Deed. Under the decree of dissolution, the contract remained in effect.
 

 The couple had two minor children bom of their marriage. The decree specifically resolved child support issues by requiring Dennis to pay $250.00 per month per child for the care, support, and maintenance of the minor children. As a separate and distinct part of that proceeding, in the property disposition portion of the decree, the above-described real estate and the proceeds from the Contract for Deed were set over to the Debtor, in the words of the decree:
 

 [T]o be held in trust for the support and care of the minor children of the parties until the youngest child of the parties reaches the age of 25. Any funds remaining after the youngest child reaches the age of 25 years shall be distributed in equal shares to the children of the parties.
 

 (Exh. 7 at p. 5).
 

 Subsequently, Dennis’ interest in this property was deeded to Debtor individually in Debtor’s name. Debtor has not formally transferred ownership of this real estate to any trust or to the two minor children. Currently, the Contract for Deed has been ter
 
 *265
 
 minated and the property has reverted back to the Debtor.
 

 II.
 

 Under 11 U.S.C. § 541(a), all legal and equitable interests of the Debtor at the date of the bankruptcy petition became property of the estate. However, it is well-settled that property in the debtor’s hands that belongs to another does not become property of the estate under § 541(a).
 
 In re Golden Triangle Capital, Inc., (Golden Mortgage Fund
 
 #
 
 14 v. Trustee),
 
 171 B.R. 79, 81 (9th Cir. BAP 1994). The Supreme Court stated in
 
 U.S. v. Whiting Pools, Inc.,
 
 462 U.S. 198, 205, n. 10, 103 S.Ct. 2309, 2313-2314, 76 L.Ed.2d 515 (1983) that, “[ ] Congress plainly excluded property of others held by the debt- or in trust at the time of the filing of the petition.
 
 See,
 
 § 541(b)
 
 [1]
 
 ; H.R.Rep. No. 95-595, p. 368 (1977); S.Rep. No. 95-989 p. 82 (1978).” Furthermore the Court must look to state law to determine the nature of a debtor’s property interests and resolve whether property in debtor’s hands belongs to another.
 
 In re Sierra Steel Inc.,
 
 96 B.R. 271, 273 (9th Cir. BAP 1989) (the existence and nature of the debtor’s interest in property is determined by state law applied in a manner consistent with federal bankruptcy law). If Montana state law provides that the real property held in trust by Debtor benefits the children solely, the trust property does not become property of the bankruptcy estate under § 541(a).
 

 As a threshold matter, the trustee argues that while the Montana court ordered the creation of a trust in Debtor’s dissolution decree, the Debtor took no affirmative steps to create the trust such as registering the entity with the state of Montana, on transferring the property in question into the formal ownership of the trust. Therefore the trust never came into existence, and can have no effect on the bankruptcy estate. The Court disagrees.
 

 Montana adopted a new Trust Code in 1989, patterned generally after the California Probate Code Ann. (1987), Section 15200, which in turn is drawn from Section 17 of the Restatement (Second) of Trusts (1957). Mont.Code Ann. Annotations, § 72-33-201,
 
 Methods of Creating Trust,
 
 Official Comments, p. 376. Mont.Code Ann. § 72-33-201 to 209. Under California law, the elements
 
 of
 
 an express trust include “a competent trustor, an intention on the part of the trustor to create a trust, a trustee, an estate conveyed to the trustee, an acceptance of the trust by the trustee, a beneficiary, a legal purpose and a legal term.”
 
 In re Teichman,
 
 774 F.2d 1395, 1399 (9th Cir.1985) (citing
 
 Reagh v. Kelley,
 
 10 Cal.App.3d 1082, 1089, 89 Cal.Rptr. 425, 430 (1970));
 
 see also, Nicholas v. Nicholas,
 
 110 Cal.App.2d 349, 242 P.2d 679 (1952) (court held that income property given to custodial parent in divorce decree in lieu of child support was trust for benefit of children). Montana’s elements of an express trust under the Montana Code and prior law are the same.
 
 McCaffrey v. Laursen,
 
 215 Mont. 305, 697 P.2d 103 (1985);
 
 Eckart v. Hubbard, 184
 
 Mont. 320, 602 P.2d 988, 990-991 (1979).
 
 [2]
 

 As a final element, an valid express trust must satisfy the statute of frauds. To do so, creation of the trust must occur either (1) through a written trust document, signed by the trustee or the trustor, or (2) by operation of law. Mont.Code Ann. § 72-33-208;
 
 Eckart v. Hubbard, supra,
 
 602 P.2d at 991;
 
 Lynch v. Herrig,
 
 32 Mont. 267, 80 P. 240 (1905);
 
 Platts v. Platts,
 
 134 Mont. 474, 334
 
 *266
 
 P.2d 722 (1959). The Court notes that to create a non-business trust, no formal trust entity need be established if the non-business trust satisfies the foregoing elements.
 
 Compare, In re Pederson,
 
 11 Mont.B.R. 396 (1992) (a business trust created for the benefit of the trustors should be included in the trustor’s bankruptcy estate because business trust formalities were not observed by the trustee/beneficiaries).
 

 The trust in question clearly meets Montana’s trust criteria. The Chapter 7 Trustee’s contentions concerning transfers not made to a formal trust entity do not apply to this case. As the Court has shown, the only transfer the law requires to create a non-business trust for the benefit of one other than the trustor is a transfer of an estate to a trustee. The Chapter 7 Trustee does not dispute that this transfer occurred. (Br. of Trustee at p. 2.) Furthermore, although neither the trustor nor the trustee signed the dissolution decree creating the trust, the document satisfies the statute of frauds because the trust was created by operation of Montana family law. Mont.Code Ann. §§ 40-2-202; 72-33-208(c).
 

 Regardless, the Chapter 7 Trustee might still attack the validity of the express trust, and bring the property into the bankruptcy estate.
 
 In re Towe,
 
 173 B.R. 197 (Bankr.D.Mont.1994). As the Court previously noted:
 

 A factor commonly recognized as negating the presence of an express trust is the commingling of monies or assets purportedly comprising the
 
 res
 
 (citing cases).... In the absence of a finding of a trust relationship, a debtor-creditor relationship is often said to exist.
 
 Penn Central I
 
 [
 
 (In re Penn Central Transp. Co.)
 
 ],
 
 supra,
 
 486 F.2d at [519] 524 [ (3rd Cir.1973) ];
 
 [In re ] Delaware, supra,
 
 127 B.R. [756] at 75 [757 (D.Del.1991) ]; and
 
 [In re
 
 ]
 
 Shervin, supra,
 
 112 B.R. [724] at 734 [(Bankr.E.D. Pa.1990) ].
 

 The incompatibility of commingling of funds and a trust relationship flows from the general precept that a trustee, though its legal owner, administers the trust res according to the terms of the trust for the benefit of another and, hence, does not use the
 
 res
 
 for the trustee’s own purposes.
 
 Sherwin II [Sherwin v. Oil City National Bank], supra,
 
 229 F.2d [835] at 838 [ (3rd Cir.1956) ];
 
 Penn Central II
 
 [
 
 (In re Penn Central Transportation Co.)], supra,
 
 392 F.Supp. [960] at 962 [ (E.D.Pa.1975) ]; and
 
 Shervin, supra,
 
 112 B.R. at 734.
 

 Id.
 
 (quoting
 
 In re Kulzer Roofing, Inc.,
 
 139 B.R. 132, 140, 26 C.B.C.2d 1828 (Bankr. E.D.Pa.1992),
 
 aff'd,
 
 150 B.R. 134 (E.D.Pa. 1992)).
 

 However, in the case at bar, the Court can readily identify or trace the
 
 res
 
 of the trust as the real property described in Part I.,
 
 supra.
 
 Given this, commingling clearly has not occurred. Moreover, the Chapter 7 Trustee has not shown that Debtor used the trust for purposes other than care and support of the children. While Debtor did receive the income from the trust, reporting it for tax purposes as such, Debtor is the custodial parent of the children, and so has the right to use the income for the care and support of the children. The Chapter 7 Trustee has neither alleged nor shown that Debtor used the income from the trust for other purposes.
 

 Even so, the Chapter 7 Trustee could still avoid treatment of property as a trust for the benefit of the James’ children by proving Debtor’s power to freely revoke the trust. Were such the case, the Debtor’s property would include all of the benefits of the trust purportedly accruing to the children, Mont.Code Ann. § 72-33-701, and the trust would collapse into the bankruptcy estate under § 541. However, under state law, the property disposition provisions of the dissolution decree created the trust in the best interests of the children. Mont.Code Ann. § 40-4-202(2). By implication, a Montana court may revoke such a trust only to promote the best interests of the children. Moreover, to modify or revoke the property provisions of a decree, a court must also have either the consent of
 
 both
 
 of the parties to the dissolution or find conditions justifying the reopening of the final judgment. Mont. Code Ann. § 40-4-208. Thus, while the trust is not irrevocable, it is not revocable at Debtor’s unilateral will, and therefore is not
 
 *267
 
 property of the Debtor’s bankruptcy estate under 11 U.S.C. § 541.
 

 The foregoing analysis disposes of the Chapter 7 Trustee’s averments concerning whether the trust property qualifies as exempt under 11 U.S.C. § 522(b) as well. Obviously, 11 U.S.C. § 522 applies only to property of Debtor’s bankruptcy estate.
 

 III.
 

 Finally, the Chapter 7 Trustee alleges that in the event the Court finds that the property is held in trust for the benefit of the children, the dissolution decree transfer was fraudulent under 11 U.S.C. § 548. The allegation lacks factual support. The Court finds that the Trustee has failed to establish the intent element required for a fraudulent transfer, and further finds that the best interest of the children served by the creation of the trust fulfills the reasonably equivalent value requirements of § 548(a)(2). Had the decree not provided for the children by disposing of Debtor’s assets in this way, the Montana court would certainly have required Debtor to surrender other rights or property-
 

 IT IS ORDERED a separate Judgment on the merits shall be entered in favor of Debt- or/Defendant, Tammy Lee James, d/b/a Just Flowers, dismissing all counts of the Complaint and providing that Debtor’s rights in the property described as:
 

 Lots 3 and 4, Block One, (1) Rural Acres Subdivision, Weston County, Wyoming;
 

 are held in trust for the benefit of the James children and are not property of the bankruptcy estate under 11 U.S.C. § 541(b)(1).
 

 [1]
 

 . 11 U.S.C. § 541 provides:
 

 (b) Property of the estate does not include— (1) any power that the debtor may exercise solely for the benefit of an entity other than the debtor;
 

 [2]
 

 . California’s interpretation of its trust code is particularly meaningful to the Montana Code under the long-standing rule that when one jurisdiction adopts a statute from another that adopting jurisdiction also adopts the construction placed on the statute by the highest court of the state from which the statute is taken.
 
 Edgar v. Hunt,
 
 218 Mont. 30, 706 P.2d 120, 122 (1985);
 
 Ancient Order of Hibernians v. Sparrow, 29
 
 Mont. 132, 74 P. 197, 198 (1903). Of course, the rule also states the Montana Court will not blindly follow such construction when the decision does not appear as founded on the right reasoning.
 
 Grady v. City of Livingston,
 
 115
 
 Mont.
 
 47, 141 P.2d 346, 351 (1943). In this case, the California construction is entirely consistent with the Montana Trust Code and prior decisions of the Montana Supreme Court on express trusts.