### CONRON v. CAUCHOIS et al.

(Circuit Court of Appeals, Second Circuit. June 11, 1917.)

### No. 268.

1. HUSBAND AND WIFE ⊂⇒129(3)—TITLE TO PROPERTY—ESTOPPEL.

Where a wife conveyed land to her husband on his agreement to hold it for her use and benefit, she was not estopped from claiming it, as against the husband's creditors, by the fact that he included it in a list of his assets in a letter to a person from whom he got a loan, as her title

could not be prejudiced by his representation, to which she was not a party.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 470.]

2. FRAUDULENT CONVEYANCES ☞57(5)—HUSBAND AND WIFE ☞121—TRANS-ACTIONS BETWEEN HUSBAND AND WIFE—OWNERSHIP OF PROPERTY.

Where money inherited by a wife was turned over to her husband and used in his business, and subsequently, at a time when he was solvent, she took title to land, which was paid for by his checks, she acquired good title thereto, whether the premises were purchased by her husband for her with her own funds, or whether he, being then solvent, gave them to her. ·

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 155–157; Husband and Wife, Cent. Dig. §§ 432, 435–441.]

Appeal from the District Court of the United States for the Eastern District of New York.

Suit by John E. Conron, as trustee in bankruptcy of Frederic A. Cauchois, bankrupt, against Frederic A. Cauchois, individually and as executor of Lillian Cauchois, deceased, and others. From a decree for complainant, defendants appeal. Reversed.

James F. McNaboe, of New York City (Edwin Vandewater, of New York City, of counsel), for appellants Frederic A. and Corinne Cauchois.

Louis W. Severy, of New York City, guardian ad litem for minor appellants.

John E. Roeser, of New York City, for appellee.

Before COXE, WARD, and HOUGH, Circuit Judges.

WARD, Circuit Judge. The bankrupt, Cauchois, married in 1887; his wife inheriting shortly before and shortly after the marriage some $6,000 from various relations, which she handed over to him and he used in his business, no formal account being kept between them. Cauchois from that time down to 1910, or thereabout, was solvent and increasingly prosperous. January 30, 1895, Mrs. Cauchois took title to premises at Watermill, Long Island, costing $1,000, on which she caused to be erected a house, stable, and windmill, at a cost of $3,100; all being subject to a mortgage of $2,000. The payments were made by her husband's checks. In February, 1896, she being in a delicate condition and there being a dispute with a neighbor about an encroachment on his property, Mrs. Cauchois conveyed the premises to her husband. From that time the place remained the family summer home; title standing in Mr. Cauchois until September, 1911, when he reconveyed to her. This was at a time when he was insolvent, and within four months of the filing of the petition against him upon which he was adjudicated a bankrupt January 16, 1912. Mrs. Cauchois died June 4, 1913, leaving a will dated January 26, 1891, and codicil dated February 18, 1894, giving all her property to her husband. Four children were born after the date of the codicil, as to whom, under the law of New York, Mrs. Cauchois died intestate. Decedent Estate Law (Consol. Laws, c. 13). § 26.

The premises not being in the custody of the bankruptcy court, the trustee was vested, under section 47a (2) of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 557 [Comp. St. 1916, § 9631]), with the rights of a judgment creditor holding an execution returned unsatisfied; i. e., he had a right to establish a lien in equity if he could. October 15, 1912, he filed a bill for this purpose against Cauchois and his wife, after whose death Cauchois, as executor, and the four children born subsequent to the date of the codicil, were brought in as defendants. The relief prayed was that the conveyance be declared null and void, because made without consideration and to hinder and delay creditors. At the trial counsel for the trustee abandoned this ground, and placed his right to recover on the ground that the conveyance was a preference, under section 60b of the Bankruptcy Act (Comp. St. 1916, § 9644), because it was made within four months of the filing of the petition as a payment on account of the bankrupt's original indebtedness to his wife, with intent to prefer her; she having reasonable cause to believe that the transfer would effect a preference.

We discover no evidence whatever to sustain this charge. If the trustee has any ground of recovery, it is because the conveyance was made to hinder, delay, and defraud the creditors, within section 67e of the Bankruptcy Act (Comp. St. 1916, § 9651). Mrs. Cauchois being dead at the time of the trial, there was no evidence but Mr. Cauchois' testimony and the documents. The District Judge found as matter of fact that Mrs. Cauchois did not convey the property to her husband as a gift; that the consideration of the conveyance was his promise to hold for her use and benefit; that he reconveyed it to her, not for the purpose of putting the property out of the reach of his creditors, but because he considered that it was hers. We concur in these findings, and conclude as matter of law that, between him and his wife, it was the bankrupt's moral and legal duty to reconvey to her.

[1] The District Judge held that because Mrs. Cauchois put the title in her husband's name, and he was shown to have included the premises in a list of his assets in a letter dated January 31, 1911, to a friend from whom he got a loan, she was estopped from claiming the premises to be hers as against his creditors. But he has found Cauchois to be trustee for his wife, in which finding we concur. No representation by him as to his ownership could prejudice her title, if she were not a party to it. In the cases cited the question determined was simply whether the proof offered sustained the wife's claim to ownership. No question of estoppel like this suggested in the court below was raised. Humes v. Scruggs, 94 U. S. 22, 24 L. Ed. 51; Seitz v. Mitchell, 94 U. S. 582, 24 L. Ed. 179; Garner v. Bank, 151 U. S. 420, 14 Sup. Ct. 390, 38 L. Ed. 218; Owens v. Daniel, 230 Fed. 101, 144 C. C. A. 399.

[2] It is quite plain that Mrs. Cauchois got good title to the premises in question in 1895, whether they were purchased by her husband for her with her own funds, or whether he, being then solvent, gave them to her. The conduct of both spouses down to the time of the reconveyance is entirely consistent with the mutual confidence and affection that should exist between them. The rendering of formal accounts and the making of express promises by the husband to pay whenever he re-

ceives money from his wife, or a receipt by the wife on every occasion he pays money on her account, are not to be expected. The title of Mrs. Cauchois should not be forfeited, unless she intentionally did something to mislead creditors, and there is not a scintilla of evidence of any such conduct on her part.

The decree is reversed, but, under the circumstances, without costs.