POWELL, APPELLANT, *v.* BIG HORN LOW LINE DITCH CO., RESPONDENT.

(No. 6,227.)

(Submitted January 11, 1928.   Decided February 1, 1928.)

[263 Pac. 692.]

*Quieting Title—Exception in Deed—Claim of Land Under Exception in Deed—Claimant's Right must be Based on Ownership of Land Excepted—Rights of Way for Canal—Easements.*

Waters—Canals—Right of Way an Easement.
    1.  A right of way for an irrigation canal is merely an easement over the land covered by the canal.
Deeds—Exception in Deed—Definition.
    2.  An exception is a clause in a deed which withdraws from its operation some part of the land granted which would otherwise have passed to the grantee under the general description; one of the conditions which must exist as the basis of a good exception is ownership of that which is withdrawn.
Same—Grantor's Ownership of Part of Land Excepted Basis of Claim of Exception.
    3.  Plaintiff conveyed his farm land to another, the deed containing an exception of a right of way for an irrigation canal then in exist-

---

2.  Distinction between exception and reservation in deed, see notes in 18 **Ann. Cas.** 799; Ann. Cas. 1918A, 877.  See, also, 9 **Cal. Jur.** 323; 8 **R. C. L.** 1089.

3.  Exception and reservation of easements, see notes in 136 **Am. St. Rep.** 690; 20 **L. R. A.** 631.  See, also, 9 **R. C. L.** 751.

ence over the land and operated by a company. After the execution of the deed he brought suit against the canal company to quiet title to the land covered by the right of way. *Held,* that judgment for defendant was correct, since if defendant company had acquired the easement prior to the execution of the aforementioned deed, the exception was inoperative because plaintiff did not own the thing withdrawn, and if defendant had not acquired the right of way, there was nothing in existence upon which the exception could operate and the entire estate passed to plaintiff's grantee and left no interest in the land remaining in plaintiff, title to which could be quieted.

[1-3] Deeds, 18 C. J., sec. 339, p. 340, n. 96, p. 341, n. 97; sec. 345, p. 344, n. 34.  Right of Way, 34 Cyc., p. 1767, n. 82.

*Appeal from District Court, Big Horn County; Robert C. Stong, Judge.*

ACTION by Frank Powell against the Big Horn Low Line Ditch Company to quiet title. From a judgment for defendant, plaintiff appeals. Affirmed.

*Mr. Franklin D. Tanner,* for Appellant, submitted a brief and argued the cause orally.

*Mr. H. W. Bunston,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE STARK delivered the opinion of the court.

This is an action to quiet title. The complaint followed the usual form used in such actions and alleged that plaintiff was, and for a long time had been, the owner of the south half of the northeast quarter of section 28, township 1 north, range 33 east, M. P. M.; that the defendant, a Montana corporation, claimed an interest therein adverse to plaintiff, but that said claim was without any right whatever; and prayed that the defendant be required to set forth the nature of its claim and that it be adjudged groundless.

The defendant's answer put in issue the plaintiff's ownership of the land described, and alleged that it was the owner of a right of way for an irrigating ditch or canal which it operated over and across the same, and particularly described the

strip of land over which the right of way was claimed. This allegation was denied by plaintiff's reply and the cause was submitted to the court for decision without a jury.

Thereafter the court made a finding that the plaintiff was not the owner of the land in controversy, or any part thereof, and entered judgment for costs in favor of defendant, from which the plaintiff has appealed.

The testimony showed that the title to the entire tract of [1–3] land described in the complaint passed to one R. E. Shepherd by patent from the United States on December 16, 1913, and that by mesne conveyance the plaintiff became the owner thereof on January 12, 1921. On January 25, 1921, the plaintiff and his wife conveyed said tract of land to Joseph E. Draper by a warranty deed in which, immediately following the description, appeared the following: "Excepting therefrom the right of way of the Big Horn Low Line Canal as now laid out and built over, through, and across said land."

This deed was not recorded until April 18, 1923. This action was commenced in the district court about March 24, 1923.

It is not disputed but that the exception contained in the deed and the strip described in the answer over which the defendant claims its right of way refer to the same parcel of land, and that is the only part of the land described in the complaint which is involved in this action.

To determine whether the court was correct in holding that the plaintiff was not the owner of the land in controversy, or any part thereof, it is essential to ascertain just what he excepted from his conveyance to Draper. In the language of the deed, this exception was "the right of way of the Big Horn Low Line Canal as now laid out and built over, through, and across said land."

In *Mannix* v. *Powell County*, 60 Mont. 510, 199 Pac. 914, this court said: A "right of way is an easement, and nothing more (section 4507, Rev. Codes; 344 Cyc. 1767); and likewise the right to a ditch, canal, or other structure in which water is conveyed for irrigation or other lawful purposes, is

merely an easement over the land occupied by the ditch, canal, etc.''—citing cases.

An exception is a clause in a deed which withdraws from its operation some part of the thing granted which would otherwise have passed to the grantee under the general description. (*Blackman* v. *Striker*, 142 N. Y. 555, 37 N. E. 484; *Biles* v. *Tacoma Co.*, 5 Wash. 509, 32 Pac. 211; *Herbert* v. *Pue*, 72 Md. 307, 20 Atl. 182.)

If the defendant had acquired, owned and possessed an easement over the right of way strip described in its answer, by any means whatever prior to the execution of the Draper deed, the exception contained therein did not operate to reserve to plaintiff any right in the premises conveyed, because the thing excepted did not belong to him and such ownership is one of the conditions which must exist as the basis of a good exception. (*Moore* v. *Lord*, 50 Miss. 229, citing Shepherd's Touchstone, 77; *Pollock* v. *Cronise*, 12 How. Pr. (N. Y.) 363.)

On the other hand, if, as plaintiff contends, the defendant had not by any means acquired or did not own or possess a right of way over and across the land in question prior to the execution of the Draper deed, then there was nothing in existence upon which the exception could operate. The right of way was the only thing excepted and, if no such right existed, the entire estate passed to the grantee in the deed and left no interest in the land remaining in the plaintiff.

Therefore, whether the defendant had or had not acquired a right of way over the strip of land described in its answer, the plaintiff had no right, title or interest therein, by virtue of the exception contained in the Draper deed, and the finding of the court that the plaintiff was not the owner of the land in controversy, or any part thereof, was correct and entitled the defendant to judgment.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MYERS, MATTHEWS and GALEN concur.