KRANJCEC, Appellant, *v.* BELINAK et al., Respondents.

(No. 8,323.)

(Submitted September 18, 1942.  Decided December 14, 1942.)

[132 Pac. (2d) 150.]

*Mr. A. G. McNaught,* for Appellant, submitted a brief and argued the cause orally.

*Mr. G. J. Jeffries,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE MORRIS delivered the opinion of the court.

This is an appeal by the plaintiff from a judgment for the defendants in an action to set aside a transfer of property by a husband to his wife on the ground that the transfer was without consideration and fraudulent.

The complaint alleges that on February 13, 1937, the plain-

tiff in this action obtained a judgment against Charles Belinak in the district court in and for the county of Musselshell which, with interest and costs, amounted to $811.44; that execution issued in that action March 19, 1937, with directions to levy upon lots numbered 4 and 6 in Block Numbered 12 in the townsite of Republic in Musselshell county, and that levy was duly made on the property described. It is further alleged that by reason of the levy plaintiff has a lien upon the property mentioned; that on February 12, 1937, Charles Belinak by deed transferred title to the lots described to his wife, Anna Belinak, and that such transfer was made without consideration, fraudulently and with intent to hinder, delay and defraud the creditors of Charles Belinak, and especially to prevent the collection of plaintiff's judgment. It is further alleged that at the time of conveying the lots mentioned to his wife neither of the defendants in this action had any other property out of which the plaintiff could satisfy his judgment, and that by reason of such transfer Charles Belinak became wholly insolvent. Plaintiff prays that the court declare the transfer from Charles to Anna Belinak void and that the latter be declared to hold the same as trustee for satisfaction of plaintiff's judgment, and that the property described be sold under execution and the proceeds applied to the payment of his judgment with costs. A general demurrer to the complaint was overruled.

The answer admits that Charles Belinak appeared as the record owner of the real estate described in the complaint for a long time prior to the transfer to his wife; admits that the trial which resulted in the judgment in favor of the plaintiff was commenced February 10, 1937, and a verdict returned therein favorable to the plaintiff on February 11, 1937. To all the rest of the allegations a general denial was made. By way of further answer it is alleged that the said Anna Belinak was at all the times mentioned in the complaint the owner of the premises levied upon and the whole thereof. As a second further defense it is alleged that on the first day of February,

1938, Anna Belinak, on behalf of her husband and her minor children and pursuant to the statutes of Montana, duly executed a declaration of homestead covering the premises involved, and that the same was filed and appears of record in the office of the county clerk of Musselshell county. A copy of the declaration of homestead was made Exhibit A and attached to the answer. In the declaration of homestead it is certified that the estimated value of the property is not in excess of $2,500, and that, in the judgment of the affiant, the actual cash value of the premises does not exceed $500, and that the area of the lots does not exceed one-fourth of an acre.

The cause came on for hearing before the court sitting without a jury. The court granted a motion for default of defendants as to the affirmative answer, the defendants having failed to plead further as to that portion of their answer after demurrer was sustained. This left the action to be determined on the complaint and answer. The cause was submitted on briefs, and proposed findings of fact were submitted by both parties. Thereafter certain exceptions of the plaintiff to the court's findings of fact and conclusions of law were submitted and, certain of the exceptions being allowed, the court made amended findings, generally in favor of the defendants, and more particularly found that at the time of the levy of execution the property involved in the controversy stood on the records of Musselshell county in the name of Anna Belinak and that she was the true and lawful owner thereof; that there was a money consideration mentioned in the warranty deed by which title to the lots described was transferred from the husband to the wife, but that the consideration and the object and purpose of the deed was to "place the naked, legal title" to the property in the name of Anna Belinak, the true and lawful owner thereof. It was further found that in the year 1922 Anna Belinak purchased the lots together with the tenements, hereditaments and appurtenances thereto belonging, in the absence of her husband, Charles Belinak, and with the separate and individual money of the defendant Anna Belinak,

and that she thereupon became the rightful owner of said premises with the right to the use and possession thereof, and ever since the year 1922 Anna Belinak "has been and now is the owner of said premises."

It was further found that the insertion of the name of the husband as the grantee in the deed was not intended to be a gift by Anna Belinak to her husband and that the husband has at no time owned or claimed to own the premises or any interest therein. It was further found that the judgment, when docketed on February 13, 1937, attached to the interest of Charles Belinak in said premises, if at all, on March 19, 1937; that after the husband deeded the property to his wife in February, 1937, there was no property remaining in the name of the defendant Charles Belinak, on the records of Musselshell county, and that said levy of execution did not create a lien upon any property of the defendant Charles Belinak. It was further found that the transfer by the husband to the wife was not fraudulent or made to hinder, delay or defraud any of the husband's creditors but with the intent to transfer and place the legal title in Anna Belinak, the original purchaser and the true and lawful owner of the premises involved. Conclusions of law were made in accordance with the findings, and a further conclusion was made to the effect that plaintiff was not entitled to the relief prayed for nor to have the property of Anna Belinak subjected to execution of his judgment. Judgment was entered accordingly with costs allowed to defendants, whereupon the plaintiff appealed.

Twelve specifications of error are assigned which will be taken up in order. Specification No. 1 is on the alleged error of the court in finding that the sheriff levied the execution as directed in the praecipe and made no further investigation as to the assets of Charles Belinak. This question arose out of the necessity to show that the husband was bankrupt at the time the transfer was made by him to the wife. The evidence supports the finding that the sheriff or his deputy made the levy in accordance with the praecipe and did nothing more.

We think that whether Charles Belinak had other property or not is of no importance in this action, for the reason that we will presently show that from and after the purchase of the property in 1922 the wife at all times had the equitable title thereto, and the legal title was transferred to her prior to levy of the execution.

Under specification 2 it is contended that the finding that Anna Belinak furnished the money to buy the property "is entirely unsupported by the evidence." To this we do not agree. Anna Belinak bought the property with funds taken out of a joint bank savings account, in which account her uncontradicted evidence shows that she had deposited $600 of her own separate funds; the transaction occurred in June, 1922, and her husband had been out of the state for some two months, at the time and did not return until a month or two after the purchase was consummated, and had nothing to do with the deal. No explanation was made as to why the title was taken in the husband's name, but he testified that he had never owned the property and told the banker who prepared the deed that title should have been conveyed to his wife and not to him, and he had not had a new deed made transferring title to his wife for the reason he did not like to pay the $5 it would cost.

A wife's separate equitable estate is not subject to execution under a levy made by the husband's creditor. (*Scheferling* v. *Huffman,* 4 Ohio St. 241, 62 Am. Dec. 281.) In the case of *Cass* v. *Demarest,* 37 N. J. Eq. 393, it was held that "a married woman may enjoin the execution creditors of her husband from selling lands, the title whereof stands in his name but which were bought by him, bona fide, for her, and paid for with her money." The judgment creditors, as it appears in that case, as in the case at bar, had no notice of the wife's claim until the beginning of the suit.

It was held in *Frankel* v. *Frankel,* 173 Mass. 214, 53 N. E. 398, 73 Am. St. Rep. 266, that a wife might sue her husband in equity to recover her separate property obtained from her by

fraud, and it has been held that property purchased with the wife's money becomes part of her separate estate. (See *Levy & Co.* v. *Mitchell*, 52 Tex. Civ. App. 189, 114 S. W. 172; *O'Farrell* v. *O'Farrell*, 56 Tex. Civ. App. 51, 119 S. W. 899; *Donovan* v. *Griffith*, 215 Mo. 149, 114 S. W. 621, 20 L. R. A. (n. s.), 825, 128 Am. St. Rep. 458, 15 Ann. Cas. 724; *Crump* v. *Walkup*, 246 Mo. 266, 151 S. W. 709; *Conron* v. *Cauchois*, 2 Cir., 242 Fed. 909, 155 C. C. A. 497; *Sheffield Milling Co.* v. *Heitzman*, 192 Iowa 1288, 184 N. W. 631; *Dorsett* v. *Breithaupt*, 133 Miss. 457, 97 So. 756. See, also, *Keaton* v. *Pipkins*, 10 Cir., 43 Fed. (2d) 497; *Antes* v. *Consumers' Con. Coal Co.*, 203 Iowa 485, 210 N. W. 767; *Chastain* v. *Crossfield*, 135 Kan. 667, 11 Pac. (2d) 1011; *Spear* v. *Farwell*, 5 Cal. App. (2d) 111, 42 Pac. (2d) 391.)

In the case of *Lee* v. *Wheeler*, 126 Tex. 15, 84 S. W. (2d) 695, it was held that where the wife contributed her separate funds in purchasing lands, attachment by creditors of her husband would be void as to the wife's interest.

We think that if plaintiff had shown that the wife's permitting the title to the property to remain in the husband had injured the plaintiff he might have been entitled to prevail under the rule followed in such cases as *Terrell* v. *Wheeler-Motter Mer. Co.*, 147 Okl. 77, 294 Pac. 644, and *War Finance Corp.* v. *Erickson*, 171 Minn. 276, 214 N. W. 45, but no such showing was made here, although fraud was alleged. The suit of the plaintiff against Charles Belinak, which resulted in the judgment plaintiff seeks to have satisfied out of the property claimed by the wife, had no bearing on the transactions by which the wife acquired the house and lots, nor is there any suggestion that the plaintiff was misled and extended credit to the husband by reason of the title to the lots being in the husband at any time.

The evidence sustains the contention that Anna Belinak alone negotiated the purchase of the lots with appurtenances and paid the purchase price out of her own funds. True, the money paid for the property was taken from the joint account of herself and husband. The only money shown to

have been deposited in that account was $600 by the wife. If the husband had contributed any amount to the fund or deposit, she had the right to withdraw it and use it as she might choose. (*Ludwig* v. *Montana Bank & Trust Co.,* 109 Mont. 477, 98 Pac. (2d) 379, and cases cited.)

As to the deed from the husband to the wife being a fraudulent transaction, it is sufficient to repeat what this court, quoting with approval from a Wisconsin case, *First Nat. Bank of Appleton* v. *Bertschy,* 52 Wis., 438, 9 N. W. 534, said in *National Bank* v. *Yegen,* 83 Mont. 265, 275, 271 Pac. 612, 614: ■ "Where a conveyance is made by a debtor of property to which he has the legal title, but as to which another has an equitable claim, though such equity is not enforceable in any court, such debtor may recognize such equitable claim, and convey the estate to the claimant, without being guilty of any fraud as against his other creditors." This rule of equity and what we have said as to both the legal and equitable control of the wife over her separate property meet all the contentions of the plaintiff on the determinative question involved in the action, but other assignments of error will be briefly considered.

Specifications 3 to 9 are argued jointly by the plaintiff. We find it difficult to follow plaintiff's arguments under this heading. The specifications in detail are, 3, that the court erred in finding the deed from husband to wife was a good and sufficient deed; 4, that Anna Belinak was the true and lawful owner of the property at the time it was conveyed to her by her husband; 5, that Anna Belinak became the rightful owner of the property on the date she purchased the same in 1922 and ever since has been the true owner thereof; 6, that the court erred in not finding that placing the title to the property in the husband by the wife was not a gift by the wife to the husband; 7, that the court erred in finding that the levy of the execution attached as of March 19, 1937, instead of February 13, 1937; 8, that the court erred in finding the transfer from the husband to the wife was not fraudulent; 9, that the

court erred in making conclusions of law in accord with the foregoing alleged erroneous findings.

Specifications numbered 3, 4, 5, 7, 8 and 9, and the arguments of plaintiff thereunder, we find to be without merit. They are covered by what we have said and the authorities cited under specification 2 above. As to specification 6, that ■ the buying of the property by the wife and taking title thereto in the husband, should be found as a gift to the husband, it is the rule that a transfer of title to property from one spouse to the other is presumed to be a gift. It is a rebuttable presumption. (*Bingham* v. *National Bank,* 105 Mont. 159, 72 Pac. (2d) 90.) Both husband and wife testified that the property was the wife's and that the husband never owned title thereto. There was no other testimony on this point. The court obviously believed the husband and wife and found that no gift was intended.

The facts here do not sustain the contention that the wife intended to make the husband a gift of the lots when the deed was made to him. The husband, after his return from several months of absence, having discovered that title had been placed in him, advised the banker who prepared the deed that it should have been made to the wife, but he did not have a new deed made because of the cost of $5.

This is an equity case, and the findings of the court in such ■ a case will not be disturbed on appeal unless there is a clear preponderance of the evidence against them. (*Nolan* v. *Benninghoff,* 64 Mont. 68, 208 Pac. 905; *Leigland* v. *Rundle L. & A. Co.,* 64 Mont. 154, 208 Pac. 1075; *Wright* v. *Brooks,* 47 Mont. 99, 130 Pac. 968; *Cook* v. *Hudson,* 110 Mont. 263, 276, 103 Pac. (2d) 137, and cases cited; *McLaughlin* v. *Corcoran,* 104 Mont. 590, 69 Pac. (2d) 597.) The only evidence bearing on the question was the testimony of the two defendants, and the trial ■ court's ruling will be sustained. Error by the trial court will not be inferred or presumed; it must be shown directly by the transcript. (*Swain* v. *McMillan,* 30 Mont. 433, 76 Pac. 943.) The presumption was resolved by the trial court con-

trary to the contentions of the plaintiff and will not be disturbed on appeal.

Specification No. 10 is on the court's error in failing to find Charles Belinak insolvent at the time transfer was made to the wife. According to the evidence the transfer was made to correct an error in the original deed, and whether Belinak were insolvent or not is immaterial under the authorities heretofore cited. The lots were not subject to execution under a judgment against the husband at any time after their purchase by the wife.

The decisive question having been disposed of, consideration of further specifications is unnecessary.

The judgment is affirmed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ANGSTMAN, ERICKSON and ANDERSON concur.

Rehearing denied January 12, 1943.