WILLIAM E. BEARD, Plaintiff and Appellant, v.
H. B. MYERS and MARIE C. MYERS, Defendants and
Respondents.

No. 9379.

Submitted November 3, 1959. Decided December 15, 1959.

Rehearing Denied January 6, 1960.

347 Pac. (2d) 719.

See C. J. S. Fraudulent Conveyances, § 419.

Joseph P. Hennessey, Billings, for appellant.

Joseph P. Hennessey, Billings, argued orally for appellant.

Wiggenhorn, Hutton, Schiltz & Sheehy, Billings, for respondents.

John C. Sheehy, Billings, argued orally for respondents.

MR. CHIEF JUSTICE HARRISON:

Plaintiff brought this action against defendants, husband and wife, to enforce a judgment lien against real property standing of record in the name of Marie C. Myers, the wife of the judgment debtor, H. B. Myers.

On April 23, 1952, in the district court for Yellowstone County, plaintiff recovered a judgment against H. B. Myers in a personal injury action. Execution was issued and returned *nulla bona* by the sheriff. Proceedings supplementary to execution were had wherein it appeared that H. B. Myers had no property but that his wife, Marie C. Myers, was the record owner of certain real estate situate in the City of Billings, Montana.

Plaintiff in this action sought to subject this property to payment of the judgment, alleging that Marie C. Myers held the property in trust for her husband, H. B. Myers, and that title was taken in the name of the wife for the purpose of defrauding the husband's creditors, particularly the plaintiff.

The husband, H. B. Myers, denied having any interest in the realty. The court, sitting without a jury, found for the defendants and from this judgment plaintiff appeals.

The theory of plaintiff's action is not clear from his complaint, nor do the briefs on appeal clarify the nature thereof. Whether plaintiff proceeds on the theory that the wife, Marie C. Myers, holds the property in a resulting trust in favor of her husband by virtue of section 86-103, R.C.M. 1947, or on the theory that the alleged use of the husband's funds, as consideration for the conveyance of said property in the name of the wife, is a fraudulent conveyance, by virtue of section 29-207, R.C.M. 1947, is not apparent. In either event however, this being an equity case, if there is in the record substantial evidence supporting the findings of the trial court, we will not

interfere with those findings. Sanders v. Sanders, 124 Mont. 595, 597, 229 Pac. (2d) 164.

In order for plaintiff to establish a prima facie case under ▮ either of the aforementioned theories in his attempt to reach the alleged assets of the defendant husband, it must be proved that funds belonging to the husband judgment debtor were used for the purchase of the property.

R.C.M. 1947, section 86-103, states:

"When a transfer of real property is made to one person and the consideration thereof is paid by or for another, a trust is presumed to result in favor of the person by or for whom such payment is made."

It was early established in this state that section 86-103, is but declaratory of the common law. In Lynch v. Herrig, 32 Mont. 267, 274, 80 Pac. 240, 242, it was said: "This statute is but declaratory of the common law, and it has been held by courts of equity, since the earliest days, that if one person pays the consideration for the purchase of property, and the title is taken in the name of another, such other holds the property in trust for *the person who pays the consideration.*" Emphasis supplied.

Property purchased with money of the wife becomes part of ▮ her separate estate. Kranjcec v. Belinak, 114 Mont. 26, 31, 32, 132 Pac. (2d) 150. And the separate property of a wife is exempt from the debts of the husband, with only a few exceptions not relevant here. Section 36-118, R.C.M. 1947. It is clear then, that if Marie C. Myers purchased the property with her own funds, no resulting trust in favor of the husband could arise.

Whether or not a transfer of funds by a husband to a third person in consideration of the transfer of property to his wife for the purpose of defrauding creditors of the husband can be considered a fraudulent conveyance under either section 29-207, R.C.M. 1947, or under the Uniform Fraudulent Conveyance Act need not be decided here. For under either, there must be proof

that a transfer of funds was made by the debtor, which is lacking here.

In this case, is there substantial evidence to support the finding of the trial court that the funds of the wife were used to purchase the realty involved?

The bulk of plaintiff's case consists of testimony of the plaintiff, the testimony of Marie C. Myers called as an adverse witness, and the deposition of the husband taken in the supplementary proceedings.

Plaintiff testified that he had worked for defendant, H. B. Myers, during 1947 and 1948, and during that time Myers kept his equipment on the property; that he was hired by H. B. Myers to help rebuild the frame house thereon and was paid by him. Plaintiff also testified that defendant, H. B. Myers, made no representation as to his ownership but acted like he owned it. Thus it can be seen that none of plaintiff's testimony in any way tends to indicate any transfer of funds by the husband. At the most, it raises an inference that the defendant husband *might* own the property.

The deposition of defendant, H. B. Myers, shows that the house on the realty was at best a gift to him from one Bob Mulvaney; that he moved this house on the lots here involved, which then belonged to John Henry Nibbe, and that the lots were purchased in 1940 with funds of Mrs. Myers. He also stated that the house was rebuilt with money supplied by his wife and that his wife had been employed by an establishment in Billings since 1935.

Mrs. Myers testified that she paid for the lots and also supplied funds to defray the cost of rebuilding the frame house thereon.

This is the evidence upon which plaintiff bases his claim for reversal. It is clear in our minds that there is substantial evidence to support the finding of the trial court.

Upon oral argument plaintiff contended that the original deed, received in evidence upon the trial, had been altered. By

stipulation this exhibit was certified to this court and examined. Such examination reveals that the deed had not been altered in any consequence that would change the result upon this appeal, even if such a contention had been properly before this court.

For the reasons stated, the judgment is affirmed.

MR. JUSTICES ANGSTMAN and CASTLES concur.

MR. JUSTICE ADAIR concurring in result only:

I concur in the affirmance of the trial court's judgment, but not in all that is said in the foregoing opinion.