JOSEPH HUGHES AND PEARL HUGHES, PLAINTIFFS AND
RESPONDENTS, *v.* HENRY KING AND ELSIE KING, DEFEND-
ANTS AND APPELLANTS.

No. 10539
Submitted May 15, 1963. Decided July 16, 1963.
383 P.2d 816.

Skelton & Hendricks, Missoula, Thomas P. Hendricks (ar-
gued), for appellants.

Curtis C. Cook (argued), Hamilton, for respondents.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion
of the Court.

This is an appeal from a judgment entered in the district

court, Ravalli County, enjoining the appellants (defendants below) from interfering with the respondents' ditch and with the respondents' use of the waters flowing therein.

The case involves water flowing in Spring Gulch running in a northerly direction from the point of the respondents' appropriation and traversing the property of the appellants. This water is conveyed for at least part of the distance in an artificial watercourse or "ditch", continuing beyond the property of the appellants and then in a westerly direction to the property of the respondents.

This action arose out of a controversy with respect to the ownership of the water in Spring Gulch and the ownership of the watercourse as it crosses the property of the appellants. The respondents claim their notice of appropriation of a water right on Spring Gulch originated prior to 1895. This formed the basis of their claim to the water right and the ownership of the ditch. The appellants allege their water right dating from 1887 for 200 inches which has been used by them or their predecessors in interest from that date and also claimed use and possession of the ditch from that date. The court's findings of fact upheld respondents' prior claim. In addition the appellants contended that they had the right to any water which arose on their land and that such water was subject to their use and control until it left their property.

The trial court judge in his findings of fact found that the respondents and their predecessors in interest had been the exclusive owners and had the exclusive right to the use of the waters of Spring Gulch and the ditch conveying the waters from it across the lands of the appellants to the lands of the respondents and that the appellants have no right in or to the water or to the ditch.

On appeal the appellants contend that the judgment entered by the lower court is contrary to the law and is an unwarranted conclusion from the facts as found by the court.

Reduced to its simplest terms the principal question involved

in this appeal is: Does the owner of a ditch right have such a "property right" in it as will allow him to enjoin the owner of the land on which it is located from interfering with it?

The trial court judge found that the plaintiffs were the owners of the ditch in question. This finding will not be disturbed on appeal unless there is a decided preponderance of evidence against it. Cook v. Hudson, 110 Mont. 263, 103 P.2d 137; Kranjcec v. Belinak, 114 Mont. 26, 132 P.2d 150; George v. Fish Creek Irrigation Co., 135 Mont. 490, 342 P.2d 738. That a ditch right is an easement is well-settled in Montana. R.C.M.1947, § 67-601(11); Mannix v. Powell County, 60 Mont. 510, 199 P. 914; Powell v. Big Horn Low Line Ditch Co., 81 Mont. 430, 263 P. 692. The briefs of both the appellant and respondent seem to have overlooked the language of the Mannix case, supra, wherein this court said: A "right of way is an easement, and nothing more (section 4507, Rev.Codes [1907, now R.C.M.1947, § 67-601]; 34 Cyc. 1767); and likewise the right to a ditch, canal, or other structure in which water is conveyed for irrigation or other lawful purposes, is merely an easement over the land occupied by the ditch, canal, etc."

Appellants further argue that they may divert water into the ditch from a surface channel and later redivert it from the ditch at another point for use upon their property, so long as the easement of the respondents is not interfered with. This follows from the general rule that the owner of the servient estate can use his property in any manner for any purpose consistent with the enjoyment of the easement. City of Missoula v. Mix, 123 Mont. 365, 372, 214 P.2d 212. However, in the instant case, the trial judge in his findings of fact found that the defendant landowner *was interfering* with the respondent's use of the ditch and such finding will not be disturbed unless the evidence preponderates against it. Cook v. Hudson, 110 Mont. 263, 103 P.2d 137; Kranjcec v. Belinak, 114 Mont. 26, 132 P.2d 150; George v. Fish Creek Irrig. Co., 135 Mont. 490, 342 P.2d 738, and see Galahan v. Lewis, 105 Mont. 294, 301,

230

72 P.2d 1018. Accordingly the judge issued an injunction restraining the appellants from continuing this interference. Such an action can properly be maintained against one who interferes with the owner's enjoyment of his easement. R.C.M. 1947, § 67-609; Cottonwood Ditch Co. v. Thom, 39 Mont. 115, 101 P. 825; See also 3 Kinney on Irrigation and Water Rights, §§ 1618, 1619.

Judgment of the trial court is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES CASTLES, ADAIR and DOYLE, concur.