CYRIL COLARCHIK AND ESTELLA N. COLARCHIK, HUS-
BAND AND WIFE, PLAINTIFFS AND APPELLANTS, *v.* ARNOLD
WATKINS, DEFENDANT AND RESPONDENT.

No. 10574

Submitted November 4, 1963. Rehearing granted March 24, 1964.

Decided July 16, 1964.

393 P.2d 786.

Swanberg, Koby & Strope, Great Falls, Randall Swanberg (argued), Great Falls, for appellants.

Lyman H. Bennett, Jr., Bozeman, for respondent.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

This matter comes on a rehearing granted. The opinion heretofore set forth on February 10, 1964, is withdrawn and the following opinion substituted.

This is an appeal from a judgment of the tenth judicial district of the State of Montana, in and for the county of Judith Basin. The judgment was entered by the district court sitting without a jury, the Honorable Victor H. Fall presiding after the Honorable LeRoy L. McKinnon had been disqualified.

The appellants (plaintiffs below), Cyril and Estella Colarchik, are the owners of certain land in Judith Basin County and the respondent Watkins is the owner of certain land in the same county lying to the north and west of appellants' land and adjoining the latter at the northwest corner. Across the northerly portion of the appellants' land, meandering from east to west, flows Big Otter Creek. The tracks of the Great Northern Railroad and the highway between Stanford and Great Falls also run across this portion of land. Big Otter Creek flows from the appellants' land onto the land of the respondent at a point north of the highway and south of the tracks.

Across the westerly portion of the appellants' land, meandering from south to north along the bottom of a coulee, is a small stream denominated for purposes of the trial as Brush

Coulee Creek. This stream flows from the appellants' land at its northwest corner onto the respondent's land immediately adjoining to the north, and from there by the respondent's buildings and on into Big Otter Creek.

A complaint was filed on August 25, 1961, by the appellants to permanently enjoin the respondent from trespassing upon that portion of the appellants' premises designated as Brush Coulee. The respondent's answer asserted his right to enter these lands and injected into the suit the question of his ditch rights arising from a filing of an appropriation of water by his predecessor in interest in Big Otter Creek. A reply to the claim by the respondent was filed and the respondent's answer and cross-complaint were put in issue. For the sake of simplicity we shall treat each of the creeks separately.

The dispute on Brush Coulee arose from the following facts. The respondent claims to have used the waters of Brush Coulee for many years. The point of diversion was at a point on his own land. The use, it is claimed, included household purposes, irrigation of a garden and shelter belt and the watering of livestock. Respondent did not formally file an appropriation of water on this creek until September 29, 1959, at which time he filed an appropriation of 100 miner's inches, with the point of diversion located on his own land. In the summer of 1961, the appellants' son commenced preparation for the installation of a dwelling on the lower reaches of Brush Coulee, across the highway from the respondent's buildings. Shortly thereafter, the parties began asserting their rights. Respondent claimed the right to go up the coulee and clean out the ditch in order to keep the water flowing. The appellants denied that he had any right to come on their land for any purposes. A short time later the complaint in this action was filed.

The Otter Creek dispute, which was brought up by the respondent's answer and cross-complaint involves the location of the point of diversion for respondent's ditch.

Respondent's water right dates from an 1891 notice of ap-

propriation filed by his predecessor in interest. This notice describes the point of diversion thusly: "at a point upon its (Big Otter Creek) northeast bank at the lower end of the Owens Ranch (appellants' predecessor) and from thence is conducted onto said lands * * *." The record is bare of what happened from 1891 to 1920 when one of the witnesses claims he remembers the existence of the ditch. It was also allegedly used in 1934 and 1935 to irrigate some crops. In 1946 the present ditch was constructed. This construction, according to the respondent was merely a rebuilding of the old ditch. The appellant, Colarchik, however, claims it was not, but that in 1946 he acquiesced because he thought that the respondent had the right which was asserted by the respondent, to do so. This ditch was about 4,800 feet long, 4,500 feet being on the respondent's land and 300 feet being on the appellants' land. The ditch was used for a period of time; the appellants contend from 1946 to 1948; the respondent contends from 1946 to 1957. However, sometime between these dates the respondent ceased using the upper portion of the ditch and the point of diversion until 1962. One reason for not using the ditch was there was a colony of beavers, that dammed the creek on the respondent's land and the ditch was being filled at a new point of diversion located on his own land. In the spring of 1962 the respondent entered the appellants' land and reconstructed the ditch to take the water from the 1946 diversion point.

After a trial was had on the issues and all the evidence introduced, the district court made its findings of fact and conclusions of laws. As to the Brush Coulee dispute, it found in effect that the respondent made a valid appropriation of the waters in 1959; that the point of diversion was on respondent's land and that the respondent had no right to enter the property of the appellants along the course of Brush Coulee; that the respondent was entitled to the flow of water of Brush Coulee after it leaves the appellants' land and that respondent is not entitled to go upon the appellants' land without permission for

any purpose in connection with his water right, provided further that the appellant shall not contaminate, divert or impede the natural flow of Brush Coulee.

In addition the district court made findings of fact and conclusions of law with respect to the Big Otter Creek dispute. It found, in effect, that respondent's predecessor in interest filed an appropriation of 250 miner's inches of the waters of Big Otter Creek in 1891 with the point of diversion to be "at the lower end of the Owens Ranch"; that respondent constructed an irrigation ditch on his own land in 1946 and extended the same approximately 300 feet onto the land of the appellants; that this ditch was abandoned and the point of diversion was changed to a point on the respondent's own land and that respondent came on the lands of the appellants again in 1962, and tapped water at about the 1946 diversion point. The court further found that the topography is such that the point on appellants' property where respondent tapped the creek provides a convenient point, from which it can be conveyed with a minimum of damage to appellants' property and that the topography is such that if respondent were required to divert his water on his own land it would necessitate flooding several acres and that the damage to respondent's property by being required to divert said waters on his own land is substantially greater than damage to appellants' property. So, in view of these facts the court concluded that the damage to appellants' property resulting from such entry and diversion is outweighed by the damage that would result to respondent if he were required to divert water on his own premises, therefore respondent was granted the right to enter appellants' land for the purpose of diverting the waters of Big Otter Creek.

The appellants have appealed from that portion of the judgment which relates to the Big Otter Creek dispute and the respondent and cross-appellant has appealed from that portion which relates to the Brush Coulee dispute.

The appellants' only specification of error is that the trial

22

court erred in granting the respondent the right to enter upon the appellants' land for the purpose of diverting the waters of Big Otter Creek from the land of the appellants onto the land of the respondent.

The trial court, it appears from a reading of the findings of fact and conclusions of law, seems to have based its decision on equitable principles. The court reasoned that since the evidence indicated that about ten acres of respondent's land would be flooded to divert the water on respondent's land, and, since, either by trespass or otherwise the respondent had diversion works and a ditch on appellants' land, respondent should be allowed to continue taking his water there because less injury would inure to the appellant than to respondent.

That a ditch right is an easement is well-settled in Montana law, (R.C.M.1947, section 67-601, subd. (11); Hughes v. King, 142 Mont. 227, 383 P.2d 816), and an easement is property in the sense that it cannot be taken for public use without just compensation being paid to the owner. (Art III, Sec. 14, Constitution of Montana; City of Missoula v. Mix, 123 Mont. 365, 210 P.2d 212). Surely then, a court cannot create a ditch right for one landowner on another's property without first compensating the landowner for the value of the easement. This is not what has been done here, because the trial court has not found that the respondent had some prior right, such as by virtue of a valid appropriation or by virtue of a prescriptive right, to go upon the appellants' property. The mere fact that less damage would be done to appellants' property than respondent's property does not create a basis for granting respondent an easement. As this court said in the case of Calvert v. Anderson, 73 Mont. 551, 558, 236 P. 847, 849: "* * * [T]he law does not countenance the principle that one tract of land may be reclaimed at the expense of the destruction of another without [just] compensation." The trial court should have found, whether Watkins, or his predecessor in interest, had a valid ditch right on Colarchik's land; if so, when that

ditch right was perfected; and whether or not that ditch was ever abandoned.

The first specification of error alleged by the cross-appellant is that the district court erred in failing to provide in the decretal portion of the judgment in this cause that the plaintiffs and appellants are enjoined from contaminating, diverting or otherwise impeding the natural flow of the waters of Brush Coulee.

Since the lower court concluded as a matter of law that the appellants were not to contaminate, divert or otherwise impede the natural flow of the waters of Brush Coulee, obviously then the decretal portion of the decree should have contained an injunction against such activities.

The cross appellant having brought into this litigation his alleged right to enter upon appellants' land some 300 feet with his ditch to get at a point of diversion by statute bears the burden of proof for such a contention.

Section 93-401-26, R.C.M.1947, provides:

"Each party must prove his own affirmative allegations. Evidence need not be given in support of a negative allegation, except when such negative allegation is an essential part of the statement of the right or title on which the cause of action is founded, nor even in such case when the allegation is a denial of the existence of a document, the custody of which belongs to the opposite party."

As has been previously set forth in the facts, Watkins claimed a right to go upon appellants' land based on a water right filed by Frank W. Ridley in 1891, a predecessor in interest, with the point of diversion "at the lower end of the Owens' ranch."

The record presented in this case as to this water right and its use during the years since 1891 is inconclusive both as to the point of diversion and on whether the respondent has a right to go upon appellants' land, stemming from use beginning in 1946. If anything, it would appear from the record that no

more than a "permissive right" was given respondent's father in 1946 to go upon the land and from such a grant respondent cannot assert prescription. Connolly v. Harrel, 102 Mont. 295, 57 P.2d 781.

The respondent's evidence falls short in the necessary proof as to the diversion point on Big Otter Creek, an easement, a ditch right or a right of way.

For the foregoing reasons the judgment of the district court is reversed and remanded to such court to enter the following judgment:

1. The district court is ordered to conform its decretal portion of the judgment as to The Brush Coulee dispute with its findings of fact and conclusions of law; and

2. To enjoin respondent Watkins from any further trespass on the lands of appellants Colarchik along The Big Otter Creek.

MR. CHIEF JUSTICE JAMES T. HARRISON, MR. JUSTICES CASTLES and DOYLE concur.

MR. JUSTICE ADAIR concurring in the result only.

I concur only in the result achieved in the above majority opinion and call attention to my dissenting opinions in City of Missoula v. Mix, 123 Mont. 365, 214 P.2d 212 (1950) and Brannon v. Lewis and Clark County, 143 Mont. 200, 387 P.2d 706 (1963).